| iBYRNES, Judge,
concurring.
There was no acquiescence by Todd Villar-rubia in the judgment of possession as rendered.
Defendants contend that Todd Villarru-bia’s forced heirship rights existed when he signed the Receipt for Legacy and at the time the judgment of possession was rendered. This argument is self-defeating. Although it is the unanimous opinion of this Court that the Receipt for Legacy is nothing more than a receipt, it does state that Todd Villarrubia “consents to rendition of a Judgment of Possession in favor of the persons *90 entitled to be placed in possession.” Because, according to defendants’ argument, Todd Villarrubia was a forced heir, he was “entitled to be placed in possession” of his forced portion. Following defendants’ argument to its conclusion, the only judgment of possession to which Todd Villarrubia consented when he signed the Receipt for Legacy was one placing him in possession of the forced portion to which he was entitled. Regardless of how the Receipt for Legacy is viewed, it was not a consent to the judgment of possession which failed to place Todd Vil-larrubia in possession of his forced portion.